UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:

MOREHEAD MEMORIAL HOSPITAL,   CASE NO. 17-10775
                              CHAPTER 11
    DEBTOR.

SCOTT DAVIS, LIQUIDATING      ADV. PROCEEDING NO.
TRUSTEE FOR MOREHEAD
MEMORIAL HOSPITAL,

    PLAINTIFF,

V.

MICROSOFT LICENSING GP, AND
MICROSOFT CORPORATION,

    DEFENDANTS.

## COMPLAINT TO AVOID TRANSFERS, RECOVER PROPERTY AND FOR RELATED RELIEF

COMES NOW Scott Davis, in his capacity as Liquidating Trustee ("Trustee" or "Plaintiff") for Morehead Memorial Hospital ("Debtor"), by and through his undersigned counsel, and files this Complaint to Avoid Transfers, Recover Property and for Related Relief pursuant to 11 U.S.C. §§ 502, 547, 549, 550 and 551 ("Complaint") against Microsoft Licensing GP and Microsoft Corporation ("Defendants"), stating to the Court as follows:

### BACKGROUND AND JURISDICTION

1. On information and belief, Microsoft Licensing GP is a Nevada General Partnership with its principal place of business at 6100 Neil Road, Suite 100, Reno, Nevada 89511.

2.   On information and belief, Microsoft Corporation is a Washington corporation with its principal place of business at 2 Auburn Way North, Suite 201, Auburn, WA 98002.

3.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (H) and (O).

5.   Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6.   On July 10, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of North Carolina (the "Court") commencing a chapter 11 case (the "Bankruptcy Case").

7.   Prior to the Petition Date, the Debtor was a North Carolina non-profit corporation that owned and operated a 108-bed general acute care community hospital on a 22-acre campus located at 117 East Kings Highway, Eden, North Carolina (the "<u>Hospital Real Property</u>"). Within the Hospital Real Property, the Debtor also owned and operated a 121-bed skilled nursing facility, and it owned several other parcels of real property located in Eden that were contiguous to, or in the general vicinity of, the Hospital Real Property.

8.   The Debtor operated after the Petition Date while it moved forward with Court approved bidding procedures to sell its assets.

9.   Upon information and belief, shortly before or after the Petition Date, the Debtor executed a Master Business Agreement and Enterprise Agreement with the Defendants that obligated the Debtor to three annual installments of approximately $81,880.06.

10. On August 22, 2017, the Debtor paid $83,242.96 for the term of July 1, 2017 through June 30, 2018.

11. On January 1, 2018, the Debtor sold its principal assets to the University of North Carolina Health Care System ("UNCHCS") which, as part of the purchase, assumed many of the Debtor's contracts. The Order approving the sale was entered on November 30, 2017 [Docket No. 445].

12. Debtor was notified by UNCHCS regarding the particular executory contracts that UNCHS wanted to assume. When that notice was provided, the Debtor filed notices to inform contract parties of the decisions reached.

13. On March 14, 2018, the Debtor filed a Second Notice of Executory Contracts and Unexpired Leases Assumed or Assigned or Rejected [Docket No. 675], and the Debtor indicated that its agreements with Microsoft Corporation were rejected.

14. As provided in this Court's Order dated December 20, 2017 captioned "Order Granting Emergency Motion in Aid of Consummation of Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and other Interests", UNCHS was responsible for the costs of any executory contracts from January 1, 2018 through the date of notice of assumption or rejection. Thus, UNCHS was responsible for its share of the cost of the Defendants' annual license fee from January 1, 2018 until March 14, 2018, and the Plaintiff will seek reimbursement.

15. On August 7, 2018, the Court entered the Confirmation Order confirming the First Amended Joint Chapter 11 Plan of Orderly Liquidation [Docket No. 771] (the "Plan").

16. The Effective Date of the Plan occurred on September 4, 2018 [Docket No. 964].

17. The Plan and Confirmation Order established a liquidating trust (the "Liquidating Trust") pursuant to which, among other things, "[o]n the Effective Date, and in accordance with

the Confirmation Order, the Estate's title to all the Assets (other than the D&O Claims, Tort Claims, and Life Insurance Claims, which shall revest in the Debtor and may be pursued by the Debtor Representative) shall automatically pass to the Liquidating Trust, free and clear of all Claims and equity interests in accordance with Section 1141 of the Bankruptcy Code." Plan, Article VII(B). As defined in the Plan, the "GUC Liquidating Trust Assets" means "all Assets and other corpus of the Liquidating Trust Estate available for distribution to Holders of Allowed General Unsecured Claims (Class 5)."

18. Pursuant to the Plan and Confirmation Order, the Court retained exclusive jurisdiction over the Chapter 11 Case, "including jurisdiction to issue any other Order necessary to administer the Estate or the Liquidating Trust Estate and enforce the terms of the Plan, and/or the Liquidating Trust Agreement[.]" Confirmation Order, Article XI; Plan, Article X.

19. In bringing this Complaint, the Plaintiff has conducted an analysis of certain business records and information of the Debtor.

20. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants that are avoidable. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendants.

21. To the extent that the Debtor's records do not accurately identify all transfers made by the Debtor of an interest in the Debtor's property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Avoidable Transfers, (ii) additional transfers, (iii) modifications of and/or revision of the Defendants' name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known

to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## COUNT I –
## AVOIDANCE OF PRE-PETITION TRANSFER PURSUANT TO 11 U.S.C § 547

22. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

23. On or within ninety days prior to the Petition Date, the Debtor made a transfer to the Defendants by a check dated June 22, 2017 in the amount of $13,091.79 that cleared the Debtor's account on June 27, 2017.

24. This transfer was for the benefit of the Defendants (an "Avoidable Transfer") and was a transfer of the Debtor's property.

25. Upon information and belief, the Avoidable Transfer was made on account of an antecedent debt owed by the Debtor to the Defendants before the Avoidable Transfer was made.

26. At the time the Avoidable Transfer was made, the Defendants were creditors of the Debtor.

27. The Debtor was insolvent when the Avoidable Transfer was made. The Plaintiff is entitled to the presumption of insolvency for the Avoidable Transfer pursuant to 11 U.S.C. § 547(f). Further, as evidenced by the Debtor's Schedules as well as the proofs of claim filed against the Debtor, the Debtor's liabilities exceeded its assets. Creditors will receive less than full value on account of their allowed claims against the Debtor.

28. The Avoidable Transfer enabled the Defendants to receive more than the Defendants would have received if: (a) the Bankruptcy Case was a case under chapter 7 of the

Bankruptcy Code; (b) the Avoidable Transfer had not been made; and (c) the Defendants received payment on its claim to the extent provided by the provisions of the Bankruptcy Code.

29. The Avoidable Transfer is an avoidable preference pursuant to 11 U.S.C. § 547(b).

30. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Avoidable Transfer is avoided.

## COUNT II-
## AVOIDANCE OF UNAUTHORIZED
## POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

31. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

32. The Debtor made an Avoidable Transfer to the Defendant that was a transfer of an interest in the property of the estate that cleared the Debtor's bank account after the Petition Date (the "Post-Petition Transfer").  Such Post-Petition Transfer was not authorized by the Court or authorized under the Bankruptcy Code, and is, accordingly, avoidable pursuant to 11 U.S.C. § 549.

33. The Post-Petition Transfer was through the Debtor's check 508910 in the amount of $83,242.96 dated August 17, 2017.  The Post-Petition Transfer cleared the Debtor's bank account on August 22, 2017.

34. Upon information and belief, the Post-Petition Transfer was the first annual payment of three payments required for a Microsoft license and not made in the ordinary course of the Debtor's operations.  The Debtor was preparing to file and did file a Motion on August 30, 2017 wherein it sought Court approval of bid procedures for an expedited auction of the Debtor's

assets on October 30, 2019.  Thus, the Debtor was going to operate for months, not years, and such a contract was not approved by the Court.

35. To the extent the Post-Petition Transfer paid for any amounts owed the Defendants prior to the Petition Date, that amount is recoverable.

36. To the extent the Post-Petition Transfer paid for use of the Defendants' services or products for any period after December 31, 2017, said amounts are recoverable by the Debtor from the Defendants.

### COUNT III – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550

37. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

38. As alleged above, Plaintiff is entitled to avoid the Avoidable Transfer and Post-Petition Transfer under 11 U.S.C. § 550.

39. Defendants are the initial transferee of the Avoidable Transfer and Post-Petition Transfer or the entity for whose benefit the Avoidable Transfer and Post-Petition Transfer were made, or an immediate or mediate transferee of such initial transferee of each of the Transfers.

40. The Plaintiff is entitled to recover for the estate the value of the Avoidable Transfer and Post-Petition Transfer under 11 U.S.C. § 550.

41. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the value of the Avoidable Transfer and Post-Petition Transfer are recovered for the benefit of the estate.

### COUNT IV - TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

42. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

43. The Avoidable Transfer and Post-Petition Transfer are property of the estate of the Debtor.

44. The Avoidable Transfer and Post-Petition Transfer or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

### COUNT V – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)

45. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

46. Defendants are the transferee of the Avoidable Transfer and Post-Petition Transfer.

47. The Avoidable Transfer and Post-Petition Transfer are recoverable by the Plaintiff under 11 U.S.C. § 550.

48. Pursuant to 11 U.S.C. § 502(d), if Defendants are liable for any avoidable transfer under 11 U.S.C. §§547 and 549, then any claims held by the Defendants against the Debtor's estate must be disallowed unless and until the Defendants pay the amount of the Avoidable Transfer and Post-Petition Transfer to the Plaintiff.

49. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 502(d) that any and all of Defendants' claims against the Debtor's estates are disallowed.

WHEREFORE, the Plaintiff prays for judgment for Plaintiff and against the Defendants:

1. In the amount of the Avoidable Transfer and Post-Petition Transfer, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

2. Determining that the Avoidable Transfer is avoidable under Section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover the Avoidable Transfer under Section

550 of the Bankruptcy Code (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtor to the Defendants during the ninety-day period preceding the Petition Date);

3. Determining that the Post-Petition Transfer is avoidable under Section 549 of the Bankruptcy Code and that Plaintiff is entitled to recover all or part of the Post-Petition Transfer under Section 550 of the Bankruptcy Code (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtor to the Defendants after the Petition Date);

4. Disallowing any and all of Defendants' claims against the Debtor's estate under Section 502(d) of the Bankruptcy Code, unless and until the amount of any judgment for avoidance and recovery of the Avoidable Transfer and Post-Petition Transfer is paid by Defendants to Plaintiff, on behalf of the Debtor's estates; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 9th day of July, 2019.

NELSON MULLINS RILEY & SCARBOROUGH LLP

s/ Terri Gardner
Terri L. Gardner
NC Bar No. 9809
Leslie L. Mize
NC Bar No. 32790
4140 Parklake Avenue, Suite 200
Raleigh, North Carolina 28405
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
Email: terri.gardner@nelsonmullins.com
          leslie.mize@nelsonmullins.com

*Counsel for Scott Davis, the Liquidating Trustee*